IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN DOE<br><br>                      Plaintiff,<br><br>v.<br><br><br>CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, in his official capacity,<br><br>                      Defendants.<br><br><br>Serve also:  Hon. Jessica D. Abers<br>United States Attorney for the Eastern District of Virginia<br>C/O Civil Process Clerk<br>Justin W. Williams United States Attorney's Building<br>2100 Jamieson Ave<br>Alexandria, VA 22314<br><br>Serve also:  Hon. Merrick T. Garland<br>Attorney General of the United States<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW,<br>Washington, DC 20530-0001 | **Civil Action No.** 1:24-cv-02365 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED IN**

**PSEUDONYM OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

     The Plaintiff respectfully moves this Court for leave to proceed with the prosecution of his claims under a pseudonym. In the alternative, the Plaintiff respectfully moves this Court for entry of a protective order which would require that any reference to the Plaintiff's identity, or identifying information, be filed under seal.

1

**I.   INTRODUCTION**

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). To protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

**II.   STATEMENT OF THE FACTS**

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. In early 2024, the Plaintiff obtained employment transporting hazardous materials. As a condition of his employment, the Plaintiff was required to obtain his Hazardous Materials Endorsement ("HME") from TSA. To obtain an HME, a criminal background check consumer report is required. The HME Assessment includes fingerprint based criminal history reports from the FBI/Criminal Justice Information Services ("CJIS") Division. In April 2024, the TSA ordered an Identity History Summary Check, or "rap sheet," which is a type of consumer report about the Plaintiff, from the FBI.

The FBI published and sold the Plaintiff's consumer report to TSA, which contained a grossly inaccurate and stigmatizing conviction for first degree rape, related to Plaintiff's criminal case in Multnomah County, Oregon. A cursory review of the widely available public court records at the time of the report confirms that the conviction was vacated on January 31, 2023, and the indictment was completely dismissed on February 1, 2024. Any record of Plaintiff's arrest and/or indictment have been set aside and sealed by an Oregon State Court pursuant to Oregon Revised Statutes ("ORS") 137.225. The operation of ORS 137.225 is such that defendants whose arrest records are set aside and sealed are deemed to have not been previously arrested for all purposes of the law. Upon the sealing of a criminal record under ORS 137.225, only a judge in the Oregon State Court System can access those records. This effectively erases all public record of an individual's criminal history.

Despite the foregoing, the CJIS transmitted the Plaintiff's inaccurate criminal public record information to the TSA. At the time the inaccurate records were published by the FBI, they were facially inaccurate based on the actual public records maintained by Oregon State's publicly available criminal records database, which reported that Plaintiff's original conviction had been vacated and indictment fully dismissed. Having subsequently been sealed and by operation of law, the Plaintiff has no criminal record and is entitled to enjoy the purpose of ORS 137.225 when applying for employment, and governmental licenses as the subject of employment purposed consumer reports.

As a result of the inaccurate consumer report published by the Defendant, the Plaintiff's employment was severely delayed, and the Plaintiff was nearly prevented from obtaining the required license for his job that provided good pay and security. Further, the Defendant has never actually corrected the inaccurate reporting which puts the Plaintiff's future employment

3

opportunities at risk as the Plaintiff needs to renew the required license for his profession every five years.

### III. LEGAL STANDARD

As a general matter, a complaint must state the name of all parties. Fed. R. Civ. P. 10(a). However, "federal courts have analyzed the question of whether a plaintiff may proceed pseudonymously and have allowed the practice on certain occasions". *Doe v. Aberdeen Sch. Dist.*, No. 1:18-CV-01025-CBK, 2019 U.S. Dist. LEXIS 158288, at *2 (D.S.D. Sep. 17, 2019)

In determining whether to allow a party to proceed under a pseudonym, a court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Public Citizen,* 749 F.3d 246, 274 (4th Cir. 2014). To assist with this inquiry, the Fourth Circuit has identified the following non-exhaustive list of relevant factors: "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993). "Each factor may not be relevant in every case". *Doe v. Alger,* 317 F.R.D. 37, 39 (W.D. Va. 2016). The "trial court must 'carefully review all the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiffs privacy concerns."' *Id*. at 39-40 (quoting *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012)).

A careful analysis of these factors demonstrates that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping his identity private.

## IV. ARGUMENT

### A. Allowing Plaintiff to Proceed by Pseudonym is Appropriate and Necessary to Protect Plaintiff's Privacy and Future Employment.

To litigate the Plaintiff's claims against the Defendant, the parties will necessarily have to present evidence as to the Plaintiff. Without using a pseudonym, Plaintiff's name and his sealed criminal record will become public and he will be stripped of the protections which ORS 137.225 and the FCRA afford him. That is, without the use of a pseudonym, Plaintiff will not be permitted to avail himself of his FCRA remedies without visiting upon himself the same harm (although in a greater degree) from which the FCRA and ORS 137.225 provide protection. Thus, unless Plaintiff is permitted to proceed in pseudonym, he will be prevented from vindicating his rights.

By design, the information inaccurately reported about Plaintiff is not a matter of public record. ORS 137.225 makes it so that an individual whose arrest records are set aside and sealed are deemed to not have been previously arrested for all purposes of the law. Upon the sealing of Plaintiff's criminal record, only a judge in the Oregon State Court System should be able to access those records. Thus, ORS 137.225 effectively erases all public record of an individual's criminal history. As such, Plaintiff has an interest in protecting his highly sensitive and stigmatizing criminal record from being made available to the public with his name attached to the proceedings.

Therefore, pseudonymous litigation is both appropriate and necessary to protect the Plaintiff's privacy and future employment prospects.

### B. The Defendant will not be Prejudiced by an Anonymous Caption as the Plaintiff will Disclose his Identity to the Defendant.

The Defendant will not be prejudiced by the Plaintiff proceeding under a pseudonym as the Plaintiff fully intends to disclose his identity to the Defendant so that the Defendant can locate the Plaintiff's file and consumer reports. As such, the Defendant will be able to fully and fairly litigate this case irrespective of whether the Plaintiff's name is publicly disclosed in the caption.

Further, the Plaintiff's name being in the caption is irrelevant to the core legal questions to be litigated in this case, all of which revolve around the Defendant's policy and procedures concerning the storage, publication, and dissemination of criminal record data that has been set aside, sealed or expunged. Defendant can readily address the legal and factual issues raised without reference to Plaintiff's specific identity in the public record. As such, this too weighs in favor in allowing Plaintiff to proceed under a pseudonym.

### C. **The Public's Interest in Open Judicial Proceedings is Outweighed by the Public's Interest in Allowing Litigants to Vindicate their rights.**

There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. On the other hand, the harm to Plaintiff in having his identity revealed is certain and severe. It includes not only social stigma, but also an impairment of his employment possibilities. Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would be required "to disclose information of the utmost intimacy" (*Doe v. Aberdeen Sch. Dist.*, 2019 U.S. Dist. LEXIS 158288, at *2), creating a public record wherein uninterested parties would have access to a criminal record that has been set aside and wiped from public consciousness by operation of Oregon law.

In other words, without leave to proceed under pseudonym, Plaintiff will be forced to choose between (1) maintaining statutory protections granted under ORS 137.225, or (2) prosecuting the statutory protections provided by the FCRA. Plaintiff therefore asserts that, under a totality of the circumstances analysis, he has "a substantial privacy right which outweighs the

6

customary constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Aberdeen Sch. Dist.*, 2019 U.S. Dist. LEXIS 158288, at *2. Thus, the usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing.

**V.    IF PLAINTIFF IS NOT PERMITTED TO PROCEED BY PSEUDONYM, PLAINTIFF REQUESTS THAT THE COURT ENTER A PROTECTIVE ORDER.**

Alternatively, the Plaintiff requests that the Court enter a protective order. Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, the Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity to avoid making his expunged and sealed record public. Specifically, if Plaintiff's true identity must be revealed in these proceedings, the Plaintiff requests this Court enter a protective order which would require any reference to his true identity or identifying information to be filed under seal.

**VI.    CONCLUSION**

Based on the foregoing, the Plaintiff respectfully moves this Court for leave to proceed with the prosecution of his claim under pseudonym. In the alternative, the Plaintiff respectfully moves the Court for entry of a protective order which would require that any reference to the Plaintiff's identity, or identifying information, be filed under seal.

Dated: December 27, 2024

Respectfully Submitted,

John Doe

        */s/ Susan Mary Rotkis*
Susan Mary Rotkis, VSB 40693
Consumer Justice Law Firm PLC
2290 East Speedway Blvd.
Tucson, AZ 85719
Direct: 602-807-1504
Facsimile: 718-715-1750

E-mail: srotkis@consumerjustice.com


*Attorney for Plaintiff,*
*John Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of December 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following party via process server and by USPS first class mail, postage prepaid.

Hon. Jessica D. Abers
United States Attorney for the Eastern District of Virginia
C/O Civil Process Clerk
Justin W. Williams United States Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314

Hon. Merrick T. Garland
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001

Christopher Wray
Director of the Federal Bureau of Investigation, in his official capacity
935 Pennsylvania Avenue,
NW, Washington DC 20531

*/s/ Susan Mary Rotkis*
Susan Mary Rotkis, VSB 40693
Consumer Justice Law Firm
2290 East Speedway Blvd.
Tucson, AZ 85719
Direct: 602-807-1504
Facsimile: 718-715-1750

E-mail: srotkis@consumerjustice.com

*Attorney for Plaintiff,
John Doe*