UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE, <br>       *Plaintiff,* <br><br> v. <br><br> KASH PATEL, <br>       *Defendant.* | No. 1:24-cv-02365-MSN-IDD |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim (ECF 16). Upon consideration of the pleadings and for the reasons set forth below the Court will GRANT the motion and dismiss Plaintiff's complaint.

**I.   BACKGROUND**

**A.   Procedural**

On December 27, 2024, Plaintiff initiated this case by filing a complaint. *See* ECF 1. Plaintiff then moved the Court to proceed using a pseudonym or in the alternative a protective order. ECF 5. The Court denied that motion. ECFs 9, 22. After an order extending Defendant's time to respond to the complaint, *see* ECF 15, Defendant timely filed a motion to dismiss Plaintiff's complaint for failure to state a claim. ECF 16. After receiving an extension of his deadline to respond to the motion to dismiss, Plaintiff filed an opposition to the motion on April 21, 2025. ECFs 22, 28. Defendant filed a reply in support of its motion on April 28, 2025. ECF 29. Thus, the matter is now ripe for disposition by the Court.

**B.   Factual**[1]

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of Defendant's motion to dismiss. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

In 2024, Plaintiff was hired for a position that involved the transportation of hazardous materials. *See* ECF 1 ¶ 75. As a condition of Plaintiff's employment transporting hazardous materials, he was required by his employer and by state and federal statute to obtain an Hazardous Materials Endorsement ("HME") from the Transportation Security Administration ("TSA"). *Id.* Plaintiff applied for an HME in or around April 2024. *Id.* ¶ 76.

TSA has an agreement with the Federal Bureau of Investigations ("FBI") for the FBI to provide TSA with criminal history information in order for TSA to assess an application for an HME. *Id.* ¶ 78. Within the FBI is a division known as the Criminal Justice Information Services ("CJIS"), that maintains a database of information known as Criminal Justice Information ("CJI"). *Id.* ¶ 44. CJI includes, but is not limited to, biographical, property, and criminal history information on individuals. *Id.* The FBI has agreements with other agencies as well as private individuals to provide criminal history background checks, also known as "rap sheets." *Id.* ¶¶ 45, 46. On or about April 8, 2024, TSA ordered a rap sheet from TSA about Plaintiff from the FBI, which the FBI provided. *Id.* ¶¶ 79-80.

The rap sheet the FBI provided to TSA about Plaintiff contained information regarding a conviction for first degree rape from a criminal case in Multnomah County, Oregon. *Id.* ¶ 82. Public records available at the time of the report show that this conviction was vacated on January 31, 2023, and the indictment was dismissed on February 1, 2024. *Id.* ¶ 84. On April 29, 2024, TSA notified Plaintiff that it made a preliminary determination that Plaintiff may not be eligible for an HME due to the conviction for rape in the first degree. *Id.* ¶¶ 90-91. Around May 11, 2024, Plaintiff submitted an appeal to TSA disputing the report's accuracy and their finding of potential ineligibility. *Id.* ¶¶ 98-101. On June 12, 2024, TSA informed Plaintiff that his HME application was approved. *Id.* ¶ 105.

Plaintiff's asserts two claims against the FBI, both under the Fair Credit Reporting Act ("FCRA"): (1) failure to assure the accuracy of information in a consumer report, 15 U.S.C. § 1681e(b); and (2) failure to exclude record of arrest that antedates the report by more than seven years, 15 U.S.C. § 1681c(a)(2). ECF 1 at 19-22. Plaintiff alleges that the FBI has caused him a range of damages including *inter alia* delay in employment, loss of time and money to correct the report, and several psychological harms including fear, emotional distress, and loss of enjoyment of life. *See id.* ¶ 122.

## II.  LEGAL STANDARD

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will survive a motion to dismiss under Rule 12(b)(6) "only when a plaintiff has set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 932 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court may not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 933 (citations omitted). In considering a Rule 12(b)(6) motion, the court must construe the complaint, read as a whole, in the light most favorable to the plaintiff and take the facts asserted therein as true. *LeSueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012).

## III.  ANALYSIS

The FCRA was enacted in 1970 to regulate consumer reporting agencies and "ensure 'fair and accurate credit reporting.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016) (quoting 15 U.S.C. § 1681(a)(1)); *see* 15 U.S.C. § 1681(b) ("[i]t is the purpose of [the FCRA] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and

3

equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information...."). The FCRA "regulates the creation and the use of 'consumer report[s]' by 'consumer reporting agenc[ies]' for certain specified purposes, including credit transactions, insurance, licensing, consumer-initiated business transactions, and employment." *Id.* at 334–35 (quoting 15 U.S.C. §§ 1681(d), (f)).

> A "consumer reporting agency" is defined as:
>
> any **person** which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers **for the purpose of furnishing consumer reports** to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f) (emphasis added).

A "consumer report" is any information by a "consumer reporting agency…bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" that is used or expected to be used to determine the consumer's eligibility for credit, insurance, employment, and for various other purposes specified by statute. 15 U.S.C. § 1681a(d)(1).

Plaintiff's complaint must be dismissed because the FBI is not a credit reporting agency. "By definition, a consumer report is provided by a consumer reporting agency." *Arnold v. Cap. One Servs., Inc.*, No. 3:10-CV-244, 2011 WL 864332, at *4 (E.D. Va. Mar. 10, 2011) (citing 15 U.S.C. § 1681a(d)(1)). "It is well-settled that the FBI is not a consumer reporting agency." *Arnold*, 2011 WL 864332, at *4 (citations omitted); *see also Thomas v. FTS USA, LLC*, No. 3:13-CV-825, 2016 WL 3653883, at *5 (E.D. Va. Jun. 30, 2016) ("[I]t is well-established that governmental agencies are not consumer reporting agencies because governmental agencies do not compile information on persons "for the purpose of furnishing consumer reports to third parties."); *Smith*

4

*v. Busch Entertainment Corp.*, No. 3:08–CV–772, 2009 WL 1608858, at *3 (E.D. Va. Jun. 3, 2009) (holding the Virginia State Police Central Criminal Records Exchange, the criminal recordkeeping agency for the Commonwealth of Virginia, is not a consumer reporting agency simply because it provides employers with background information about employees or prospective employees); *Ricci v. Key Bancshares of Maine, Inc.*, 768 F.2d 456, 466 (1st Cir. 1985) ("[t]he FBI is not a 'consumer reporting agency' as defined under the [FCRA]."); *Ollestad v. Kelley*, 573 F.2d 1109, 1111 (9th Cir. 1978) ("It cannot be contended seriously that agencies such as the F.B.I. compile information on persons ... for the purpose of furnishing consumer reports to third parties."); *Mowrer v. U.S. Dep't of Transportation*, No. CV 12-1158 (BAH), 2019 WL 4418747, at *5 (D.D.C. Sept. 16, 2019), *aff'd sub nom. Mowrer v. United States Dep't of Transportation*, 14 F.4th 723 (D.C. Cir. 2021) ("Courts have consistently concluded that government entities are not "consumer reporting agenc[ies]" because they do not collect information for the purpose of furnishing it to third parties.") (citing cases).

    The fact that the FBI "provides employers criminal conviction data on employees or prospective employees in limited circumstances does not transform it into a consumer reporting agency for the purposes of the FCRA." *Smith*, 2009 WL 1608858, at *2. The FBI does not "assembl[e] or evaluat[e]" criminal history records "for the purpose of furnishing consumer reports to third parties." Instead, the FBI is required by law to maintain this data for the administration of criminal justice. 28 C.F.R. § 20.31(a, b); 28 C.F.R.  20.3(b). TSA's purpose in using the information for employment purposes does not transform the FBI's purpose in collecting the information. Multiple advisory opinions[2] from the Federal Trade Commission, one of the entities

---

[2] FTC advisory opinions can be persuasive authority when interpreting FCRA. *Milbourne v. JRK Residential Am., LLC*, 92 F. Supp. 3d 425, 432 (E.D. Va. Mar. 11, 2015) (holding that FTC advisory opinion was "consistent with the plain text reading of the statutory term, and is instructive"); *Martin v. Fair Collections & Outsourcing, Inc.*, No. DKC

charged with enforcing FCRA, confirm that agencies, both state and federal, that maintain repositories of criminal records to further law enforcement policies are not credit reporting agencies. *See FTC, Advisory Opinion to Copple* (June 10, 1998), available at https://www.ftc.gov/legal-library/browse/advisory-opinions/advisory-opinion-copple-06-10-98; FTC, *Advisory Opinion to Lewis* (June 11, 1998), https://www.ftc.gov/legal-library/browse/advisory-opinions/advisory-opinion-lewis-06-11-98; FTC, *Advisory Opinion to Hauxwell* (June 12, 1998), available at https://www.ftc.gov/legal-library/browse/advisory-opinions/advisory-opinion-hauxwell-06-12-98. Plaintiff fails to provide any binding or persuasive authority to the contrary.

Plaintiff attempts to save his complaint by invoking the Supreme Court decision in *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42 (2024). However, Plaintiff's reliance on *Kirtz* is misplaced. The question before the Court in *Kirtz* was whether the federal government is "susceptible to suit when it supplies false information [in violation of FCRA], or whether it may invoke sovereign immunity to avoid liability." *Kirtz*, 601 U.S. at 45. But this question is of course a threshold matter; if the federal government was immune from all FCRA suits, there would be no need to determine whether any given agency was in fact a "credit reporting agency" subject to liability under the FCRA. The Supreme Court found that the FCRA "effects a clear waiver of sovereign immunity," thus permitting consumer claims for damages against the government. *Kirtz*, 601 U.S. at 50-51. *Kirtz* does not, however, analyze whether any particular federal agency, such as the FBI, is a "consumer reporting agency" as defined by the statute. Any pre-*Kirtz* case law analyzing the definition of "consumer reporting agency" and its applicability to the FBI is therefore relevant and persuasive.

---

11-1823, 2015 WL 4064970, at *3 (D. Md. Jun. 30, 2015) (explaining "numerous courts interpreting FCRA…have found such opinion letters persuasive") (emphasis omitted).

Accordingly, Plaintiff fails to establish the FBI as a "credit reporting agency" as required under FCRA. Plaintiff's complaint is therefore dismissed.

## IV. CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF 16) is **GRANTED**; and it is further

**ORDERED** that all claims against the Defendant are **DISMISSED**.

The Clerk is directed to close this civil action.

It is **SO ORDERED**.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

July 30, 2025
Alexandria, Virginia